Troy King
P.O. Box 4777
Antioch, CA 94509
Telephone :( 415) 684-2637

IN PRO PER



FILED

SEP 16 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

 

CV20      6535 AGT

Case No.

TROY KING

        Plaintiff,

V.

City and County of Antioch; Antioch
Police Department; Does 1 to 50
inclusive

        Defendants,

**COMPLAINT**
1. Conversion
2. 42 U.S.C. § 1983 Due Process
3. 42 U.S.C. § 1983 Failure to Intervene
4. 42 U.S.C. § 1983 Conspiracy to Deprive Constitutional Rights

**JURY TRIAL DEMANDED**

---

## COMPLAINT

    Plaintiff, Troy King complain of Defendants, CITY AND COUNTY OF ANTIOCH; ANTIOCH POLICE DEPARTMENT and DOES 1 TO 50 INCLUSIVE (collectively, "individual Defendants") and state as follows:

### Facts

    1.    Plaintiff Troy King is a residence of Antioch Ca. located in East Contra Costa County: 2. Mr. King sub-let rooms at 4117 Galenez Way in Antioch Ca. with his son, who at the time of incidents was twelve years old. 2.    On or about March 25, 2019, Plaintiff called Antioch Police because the "Master Tenant" Jernelda Brown's family member threatened Plaintiff with

violence to cause harm to him. Plaintiff called the Antioch Police, and uniformed Antioch Police Officer Kendall Price arrived.  Officer Price spoke to Brown first and then spoke with Plaintiff. After Officer Price took the Plaintiff's report, he closed the case as a civil matter, when it was a Terrorist Threat.

3.    Throughout the Plaintiff's residency at 4117 Galenez Way, Antioch Police were called often by Plaintiff, because Brown would violate her restraining order, make sustainable threats, lock the tenant out of the home, trespassing, break-ins, animal abuse, assault, and battery, all perpetrated by Brown and her associates. However, when Antioch Police arrived, they used intimidation tactics to violated Plaintiff's Civil Rights, they would disregard Plaintiff's complaints, failed to interview witnesses, wrote false assault citation, and threaten Plaintiff with false arrest if Plaintiff called the Antioch Police to the residence again.

Jurisdiction and Venue

4.    This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

5.    This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331 and 1367.

6.    Venue is proper under 28 U.S.C. § 1391(b). Plaintiffs reside in this judicial district, and the events giving rise to Plaintiffs' claims occurred within this district.

COUNT 1 -- State Law Claim

Conversion

7.    Each Paragraph of this Complaint is incorporated herein.

8.    As described more fully in the preceding paragraphs, individual Defendants unlawfully exercised dominion or control over Civil Rights

9.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

10.    The misconduct described in this Count was undertaken by individual Defendants within the scope of their employment and under color of law such that their employer is liable for their actions.

11.    As a result of individual Defendants' misconduct described in this Count, Plaintiffs have suffered the loss of their home and emotional distress.

Count 2 -- 42 U.S.C. § 1983

Due Process

12.    The Fifth Amendment says to the federal government that no one shall be "deprived of life, liberty or property without due process of law." The Fourteenth Amendment, ratified in 1868, uses the same eleven words, called the Due Process Clause, to describe a legal obligation of all states.

13.    Each Paragraph of this Complaint is incorporated herein.

14.    In the manner described more fully above, one or more individual Defendants deprived Plaintiff of his due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

15. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

16. The misconduct described in this Count was undertaken by individual Defendants within the scope of their employment and under color of law such that their employer is liable for their actions.

17. As a result of the above-described wrongful infringement of his rights, Plaintiffs suffered damages, including but not limited to emotional distress.

Count 3 -- 42 U.S.C. § 1983

Failure to Intervene

18. Each Paragraph of this Complaint is incorporated herein.

19. As described more fully above, one or more of the Individual Defendants had a reasonable opportunity to prevent the violation of Plaintiffs' constitutional rights as set forth in the Complaint had they been so inclined but failed to do so.

20. Individual Defendants' actions were undertaken intentionally, with malice and reckless indifference to Plaintiffs' rights.

21. As a result of the individual Defendants' failure to intervene, undertaken pursuant to the Equal Protection Clause  and practice as described above, Plaintiffs have suffered injury, including emotional distress.

Count 4 -- 42 U.S.C. § 1983

Conspiracy to Deprive Constitutional Rights

22. Each Paragraph of this Complaint is incorporated herein.

23. As described more fully above, the individual Defendants and other unknown co-conspirators to deprive Plaintiffs of his constitutional rights.

24. Specifically, Defendants conspired by concerted action to accomplish an unlawful purpose by an unlawful means. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

25. The conspiring Defendants' actions were undertaken intentionally, with malice and reckless indifference to Plaintiffs' rights.

26. As a result of Defendants' conspiracy, Plaintiff has suffered injury, including emotional distress.

Payer for Relief

WHEREFORE, Plaintiff respectfully request this Court to enter judgment in his favor in all counts against Defendants: City of Antioch, Antioch Police Department, and Does 1 to 50 inclusive, awarding $10,000,000 in damages, as well as any other relief this Court deems just and appropriate.

JURY DEMAND

Plaintiffs hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

DATE: September 16, 2020

_____

TROY KING
IN PRO PER