UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY KING,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF ANTIOCH, et al.,<br><br>    Defendants. | Case No. 20-cv-06535-AGT<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 10 |

The City of Antioch and the Antioch Police Department, collectively referred to here as "Antioch," have moved to dismiss pro se plaintiff Troy King's claims against them. Their motion raises two grounds for dismissal. Both have merit.

1. Under California's Tort Claims Act, King cannot pursue his tort claim for conversion, for which he seeks damages, until he presents the claim in writing to Antioch, and until Antioch rejects it in whole or in part. *See* Cal. Gov't Code §§ 905, 945.4; *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). King hasn't alleged that these prerequisites have occurred, so his conversion claim cannot currently proceed. *See Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 209 (2007) (declaring that the Tort Claims Act's claim-presentation requirement is "an element of the [tort] cause of action"); *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) (explaining that even "a liberal interpretation of a [pro se] civil rights complaint may not supply essential elements of the claim that were not initially pled").[1]

\\

---

[1] In opposition, King filed copies of written claims that he previously presented to Antioch. *See* ECF No. 17 at 6–19. The Court cannot consider these documents in evaluating the motion to dismiss. *See Broam v. Bogan*, 320 F.3d 1023, 1026 n. 2 (9th Cir. 2003) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers . . . .") (emphasis and citation omitted). If King chooses to amend his complaint, he should attach the written claims to his amendment and identify the portions that are relevant.

1      2. King's constitutional claims against Antioch are impermissibly based on a respondeat superior theory of liability, meaning that he seeks to hold Antioch liable as an employer, based only on the acts committed by its police officers in the scope of their employment. *See* Compl. ¶ 16 ("The misconduct described in this Count was undertaken by individual Defendants within the scope of their employment and under color of law such that their employer is liable for their actions."). "A municipality may not . . . be sued under a respondeat superior theory" for constitutional injuries. *Horton v. City of Santa Maria*, 915 F.3d 592, 603 (9th Cir. 2019) (emphasis omitted). King must instead identify "*deliberate* action attributable to the municipality that directly caused a deprivation of [his constitutional] rights." *Id.* (citation omitted).

\* \* \*

The two identified pleading defects relate only to King's claims against Antioch. King also seeks to sue certain Antioch police officers, but with one exception he hasn't named them in his complaint, referring to them only as the individual or Doe defendants.

At the motion hearing, King explained that he is still working with Antioch, and also doing his own research, to identify the Doe defendants. To give him time to do so, the Court sets April 19, 2021, as the deadline by which he must file an amended complaint. King's amendment should identify the individual defendants by name, describe what each of them did, and explain why their actions violated his rights. The amendment should also attempt to cure the pleading deficiencies identified in this order. If King doesn't file an amendment by April 19, his claims will be dismissed with prejudice.

King is encouraged to visit the Court's website, where he can obtain information and resources about appearing pro se. *See* U.S. District Court, N.D. Cal., Representing Yourself, https://cand.uscourts.gov/pro-se-litigants/. Antioch's motion to dismiss is granted.

**IT IS SO ORDERED.**

Dated: January 19, 2021

_____
ALEX G. TSE
United States Magistrate Judge