UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY KING,<br><br>            Plaintiff,<br><br>      v.<br><br>CITY OF ANTIOCH, et al.,<br><br>            Defendants. | Case No. 20-cv-06535-AGT<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 24 |

    1. As in his original complaint, King seeks to hold Antioch liable based only on acts committed by Antioch police officers in the scope of their employment. This is a respondeat superior theory of liability, and a municipality may not be sued on this theory for constitutional injuries. *See Horton v. City of Santa Maria*, 915 F.3d 592, 603 (9th Cir. 2019). King has now had two opportunities to identify deliberate action by Antioch. He hasn't done so, which leads the Court to conclude that further amendment of his constitutional claims against Antioch would be futile. These claims are dismissed with prejudice.

    2. King continues to sue unidentified Antioch police officers as Doe defendants. The Court gave King three months to identify these defendants, but it appears he wasn't able to, and he hasn't suggested that more time would make a difference. More time, the Court has determined, would also delay the inevitable. King has made efforts to add factual allegations, but they fall short of stating a constitutional claim against the Doe defendants.

    King alleges that Antioch police were called to his residence on numerous occasions to resolve disputes between him and the master tenant. His complaint summarizes what happened on each occasion. The facts alleged, however, don't plausibly support that the officers treated King differently based on his membership in a protected class (equal protection claim); deprived him of life, liberty, or property (due process claim); conspired to violate his constitutional rights

(conspiracy claim); or failed to stop others from violating his constitutional rights (failure-to-intervene claim). As a result, each of King's constitutional claims lacks the factual heft needed to survive.[1]

Because King has neither identified, nor stated an actionable constitutional claim against the Doe defendants, his constitutional claims against them are dismissed.

3. King's amended complaint also includes several state-law claims. Having dismissed all federal claims prior to trial, the Court declines to exercise supplemental jurisdiction over the state-law claims. *See* 28 U.S.C. § 1367(c)(3). King may consider refiling these claims in state court.

The Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

Dated: June 7, 2021

ALEX G. TSE
United States Magistrate Judge

---

[1] *See Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013) (equal protection claim); *Hotop v. City of San Jose*, 982 F.3d 710, 718 (9th Cir. 2020) (due process claim); *Crowe v. Cty. of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (conspiracy claim); *Lolli v. Cty. of Orange*, 351 F.3d 410, 418 (9th Cir. 2003) (failure-to-intervene claim).